UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
TUCSON DIVISION

JANE HELLER,

    Plaintiff,                          CASE NO.:

v.

NAVIENT SOLUTIONS, LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, JANE HELLER, by and through the undersigned counsel, and sues Defendant, NAVIENT SOLUTIONS, LLC, (hereinafter "NSL" or "Defendant"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**INTRODUCTION**

1.    The TCPA was enacted to prevent companies like Defendant, NAVIENT SOLUTIONS, LLC, from invading American citizen's privacy and to prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls are far and away the biggest consumer complaint to the FCC with over 200,000 complaints each year – around 60 percent of all the complaints…Some private analyses estimate that U.S. consumers received approximately 2.4 billion robocalls per month in 2016." *The FCC's Push to Combat Robocalls & Spoofing* (Jan. 2, 2019), https://www.fcc.gov/about-fcc/fcc-initiatives/fccs-push-combat-robocalls-spoofing.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8. The alleged violations described herein occurred in Pima County, Arizona. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Arizona, residing in Tucson, Pima County, Arizona.

10. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11. Defendant, NAVIENT SOLUTIONS, LLC, is a Delaware corporation that conducts business in the State of Arizona through its registered

agent, Corporation Service Company, located at 8825 N. 23rd Avenue, Suite 100, Phoenix, Arizona 85021.

12. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (702) ***-5438 and was the called party and recipient of Defendant's automated calls.

13. Defendant called Plaintiff approximately five hundred (500) times in an attempt to collect on an alleged debt related to a private student loan.

14. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone number(s): (513) 914-4612 and (615) 432-4229; and when those numbers are called, an automated message answers "Thank you for calling Navient. This call may be monitored and/or recorded for quality purposes."

15. Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls").

16. Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard an extended pause and/or click when she answered her phone before an agent/representative of Defendant would come on the line.

17. Further, during a conversation with an agent/representative of Defendant, Plaintiff expressed her frustrations to the agent/representative regarding the repeated automated calls and was told by the agent that the agent could not stop the calls as they were being made from an "automated system".

18. Moreover, Plaintiff also received a substantial number of prerecorded voice messages, as specified under the TCPA, 47 U.S.C. § 227(b)(1)(A).

19. On several occasions over the past approximately three (3) years, Plaintiff instructed Defendant's agent(s) to stop calling her aforementioned cellular telephone number.

20. A few weeks after the automated calls from Defendant began, in or about July of 2016, Plaintiff answered a call from Defendant, was met with an extended pause, held the line, was eventually connected to an agent/representative of Defendant, explained to the agent/representative that she was aware of her obligations, the repeated automated calls were not necessary, and demanded that

Defendant cease placing automated calls to her aforementioned cellular telephone number and that Defendant take her number off their call list.

21. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

22. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and/or willful.

23. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

24. Defendant continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express consent the Defendant may have had to call her aforementioned cellular telephone number on numerous occasions.

25. On at least ten (10) separate occasions, Plaintiff has either answered a call from, or returned a call to, Defendant regarding her account, held the line to be connected to a live representative, and demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

26. Each of the Plaintiff's requests for the harassment to end were ignored.

27. From about July of 2016, through the filing of this Complaint, Defendant has placed approximately five hundred (500) actionable calls to

Plaintiff's aforementioned cellular telephone number (or as will be more accurately determined upon a thorough examination of Plaintiff's wireless records and/or Defendant's records).

28.   Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

29.   Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

30.   Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

31.   Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

32.   Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

33.   Defendant has had numerous complaints against it from consumers across the country asking to not be called; however, Defendant continues to call these individuals.

34. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

35. From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's call.

36. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

37. Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also

impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

38. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

39. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

40. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment and aggravation.

41. Defendant violated the TCPA with respect to the Plaintiff.

42. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

43. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-two (42) as if fully set forth herein.

44. NAVIENT SOLUTIONS, LLC willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's

cellular telephone after Plaintiff notified NAVIENT SOLUTIONS, LLC that Plaintiff wished for the calls to stop

45. NAVIENT SOLUTIONS, LLC repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against NAVIENT SOLUTIONS, LLC for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Richard J. Suzuki*
Richard J. Suzuki, Esquire
Arizona Bar. No:
Suzuki Law Offices
2929 E. Camelback Road, Suite 224
Phoenix, AZ
Tele: (602) 842-6762
rj@suzukilawoffices.com
pearl@suzukilawoffices.com
dennis@suzukilawoffices.com
*Attorney for Plaintiff*

and

/s/ *Shaughn C. Hill*
Shaughn C. Hill, Esquire
Florida Bar No.: 105998
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
SHill@ForThePeople.com
KZhang@ForThePeople.com
*Attorney for Plaintiff*